12 F.3d 206
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick Knowles PINKETT, Defendant-Appellant.
 No. 92-5444.
 United States Court of Appeals, Fourth Circuit.
 Argued: October 1, 1993
Decided: December 1, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore.
 Joseph Edmond Beshouri, for Appellant.
 Jefferson McClure Gray, Assistant United States Attorney, for Appellee.
 Richard D. Bennett, United States Attorney for Appellee.
 D.Md.
 AFFIRMED.
 Before MURNAGHAN, WILKINS, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Patrick Pinkett was convicted in the United States District Court for the District of Maryland of bank robbery by intimidation, 18 U.S.C. Sec. 2113(a) and (f). He has, on appeal, sought vacation and remand for a new trial. Because any argument that the proper use of a voice exemplar violates the privilege against self-incrimination is doomed to fail, see United States v. Wade, 388 U.S. 218 (1967); United States v. Dionisio, 410 U.S. 1, 5-7 (1973), Pinkett argues on appeal that the manner in which a voice exemplar was introduced during his trial created a substantial likelihood of misidentification in violation of the Due Process Clause of the Fifth Amendment of the United States Constitution.
 
 
 2
 At the government's request, the district court required Pinkett to provide a voice exemplar during the trial. The district court judge admitted the exemplar to permit two bank tellers who were eyewitnesses to the robbery to compare the voice of the defendant with the voice of the robber as they remembered it. See Stovall v. Denno, 388 U.S. 293 (1967); Neil v. Biggers, 409 U.S. 188, 199 (1972).
 
 
 3
 Pinkett has questioned the propriety of the admission of the voice exemplar. Although the district judge allowed the exemplar, he took steps designed to avoid improper, unnecessary suggestiveness. The judge asked the defendant to read a passage from the sports page regarding the Minnesota Twins. The judge did not allow the defendant to speak the words that the robber allegedly spoke during the course of the robbery. In addition, the judge gave the testifying bank tellers a cautionary instruction that they were under no obligation to identify the defendant's voice. He requested that they voice any doubts they may have had. In light of the precautions taken by the trial judge and the reliability factors delineated in Biggers, there was no substantial likelihood of misidentification in the instant case, Neil v. Biggers, 409 U.S. 188 (1972).
 
 Accordingly, the conviction is
 
 4
 AFFIRMED.